# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC.,
AND DOES 1 TO 25, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IRENE COMPUESTO

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
08/04/2025 at 09:32:37 AM
By: Tara C Gibbs
Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hon. Howard G. Gibson Courthouse
10820 Justice Center Drive
Roseville CA

CASE NUMBER:
*(Número del Caso):* S-CV-0055891

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sharona Eslamboly Hakim, Esq. SBN: 180998          (310) 289-9100
8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211

DATE:
*(Fecha)* Monday, August 4, 2025

Clerk, by
*(Secretario)* _____ Tara C Gibbs _____

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   HOMEDEPOT U.S.A., INC

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sharona Eslamboly Hakim, Esq. SBN: 180998<br>Law Offices of Sharona Eslamboly Hakim<br>8730 Wilshire Blvd., Suite 500 Beverly Hills CA 90211<br>TELEPHONE NO.: (310) 289-9100    FAX NO. : (310) 289-9101<br>EMAIL ADDRESS: litigation@sehlawfirm.com<br>ATTORNEY FOR *(Name):* IRENE COMPUESTO, Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Placer<br>08/04/2025 at 09:32:37 AM<br>By: Tara C Gibbs<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Placer
STREET ADDRESS: 10820 Justice Center Drive
MAILING ADDRESS: 10820 Justice Center Drive
CITY AND ZIP CODE: Roseville
BRANCH NAME: Hon. Howard G. Gibson Courthouse

CASE NAME:
Compuesto v. RYOBI Limited, et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: S-CV-0055891 |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☑ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive

4. Number of causes of action *(specify):* **Four (4)**

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 2, 2025

Sharona Eslamboly Hakim, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Sharona Eslamboly Hakim, Esq., State Bar No.: 180998
Geoffrey Kasler, Esq., State Bar No.: 343451
Armin Abazari, DPM, Esq., State Bar No.: 335410
LAW OFFICES OF SHARONA ESLAMBOLY HAKIM
8730 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Telephone No.: (310) 289-9100
Facsimile No.: (310) 289-9101

Attorneys for Plaintiff, IRENE COMPUESTO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**08/04/2025 at 09:32:37 AM**
By: Tara C Gibbs
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF PLACER

| | |
|---|---|
| IRENE COMPUESTO, <br><br> Plaintiff, <br><br> v. <br><br> RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE, <br><br> Defendants | Case No.: S-CV-0055891 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **GENERAL NEGLIGENCE** <br> 2. **STRICT PRODUCTS LIABILITY** <br> 3. **NEGLIGENT PRODUCTS LIABILITY** <br> 4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY** <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff IRENE COMPUESTO, individually and for causes of action against Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE, complains and alleges as follows:

### GENERAL ALLEGATIONS

1. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 25, inclusive, and each of them, is unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges

1

**COMPLAINT FOR DAMAGES**

that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as herein alleged. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

2.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants, including DOES 1 through 25, inclusive, and each of them, were the agents, servants, employees, and/or joint ventures of their codefendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as agent, employee and/or joint venture.

3.      At all times mentioned herein, Plaintiff IRENE COMPUESTO was a resident of the County of Placer, State of California.

4.      Plaintiff is informed and believes and thereupon alleges that Defendant RYOBI LIMITED is a Japanese manufacturer of components for electronics, selling and doing business in California with its partner Home Depot. RYOBI LIMITED's principal address in the United States is 100 Innovation Way, In the City of Anderson, South Carolina. RYOBI is a trademark of RYOBI Limited and is used by TTI CONSUMER POWER TOOLS, INC. pursuant to a license granted by RYOBI LIMITED.

5.      Plaintiff is informed and believes TTI CONSUMER POWER TOOLS, INC. is a cordless technology company doing business in California, with its principal place of business in Brookfield, Wisconsin. RYOBI is a trademark of RYOBI Limited and is used by TTI CONSUMER POWER TOOLS, INC. pursuant to a license granted by RYOBI LIMITED.

2

**COMPLAINT FOR DAMAGES**

6.    Plaintiff is informed and believes HOME DEPOT U.S.A., INC. is a Corporation doing business in the state of California, with its principal place of business located in Atlanta, Georgia. HOME DEPOT U.S.A., INC. supplied the electric RYOBI pruner, the subject product at issue. RYOBI is a trademark of RYOBI LIMITED and is used by TTI CONSUMER POWER TOOLS, INC. pursuant to a license granted by RYOBI LIMITED.

7.    On or about August 4, 2023, Plaintiff IRENE COMPUESTO was caused to sustain severe cuts and permanent disfigurement to right hand, fingers, tendons, and other parts of the body, resulting in severe and permanent injuries as well as extreme pain and severe emotional distress related to the subject accident and injuries. While in her home located at 4702 Fweeney Circle Road, IRENE COMPUESTO had been gardening and went to set down the RYOBI pruner she had been using. In the process, the pruner activated and cut her right hand and finger tendons. The machine did not have an on/off switch but instead had required the removal of the entire battery to turn it off.  Due to the danger of the product's design, Plaintiff was caused to sustain injuries and damages.

8.    Plaintiff is informed and believes, and thereon alleges that at all times mentioned herein, Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE, and each of them, and each of them, were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributed, buying, selling, repairing, inspecting, maintaining, marketing, warranting, modifying, testing, altering, and/or advertising the Subject Pot, and each and every component part of the SUBJECT PRUNER, which Defendants knew, or in the exercise of reasonable care should have known, was capable of producing serious injuries to persons using the SUBJECT PRUNER in a reasonable and foreseeable manner.

9.    On or about August 4, 2022, as a proximate result of the negligent and careless conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A.,

3

**COMPLAINT FOR DAMAGES**

INC., AND DOES 1 TO 25, INCLUSIVE, and each of them as aforesaid, Plaintiff IRENE COMPUESTO's right hand, finger, and tendons, and other parts of her body, were caused to be deeply cut by the machine. The plaintiff thereby suffered severe debilitating injuries to her person, including but not limited to permanent scarring and disfigurement, as well as the extremity pain and severe emotional distress, as well as other injuries related to the subject accident.

## VENUE AND JURISDICTION

10.     The acts that caused Plaintiff's damages as alleged herein all occurred in the County of Placer, within the jurisdiction of the Superior Court of the County of Placer.

11.     This Court has jurisdiction over the present matter because, as delineated within this Complaint, the nature of the claims and amounts in controversy meet the requirements for jurisdiction in the Superior Court of the County of Placer.

## FIRST CAUSE OF ACTION

**[FOR GENERAL NEGLIGENCE AS AGAINST DEFENDANTS RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE]**

12.     Plaintiff realleges and incorporates herein by reference as though fully set forth at length, all of the allegations and statements contained in paragraphs 1 through 11 of the General Allegations above.

13.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein, Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., intended that the SUBJECT PRUNER would be purchased and used by members of the public, including Plaintiff IRENE COMPUESTO, and knew or should have known, that members of the public, including Plaintiff IRENE COMPUESTO, would use the SUBJECT PRUNER with the expectation and belief that it was safe for its intended use and purpose and without inspecting it for defects. At the time that

4

**COMPLAINT FOR DAMAGES**

it was used by Plaintiff IRENE COMPUESTO, the SUBJECT PRUNER and each and every component part thereof, was unsafe and unreasonably dangerous for its foreseeable uses.

14.  Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and Does 1 to 25, Inclusive, and each of them, failed to use reasonable care in manufacturing, fabricating, designing, assembling, distributing, buying, selling, repairing, inspecting, maintaining, marketing, warranting, modifying, testing, altering, and/or advertising the SUBJECT PRUNER, and each and every component part thereof, such that they were dangerous and defective.

15.  As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, Plaintiff IRENE COMPUESTO was compelled to, and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of said expenses will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

16.  As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, Plaintiff IRENE COMPUESTO was prevented from attending her usual occupation and thereby sustained a loss of earnings claim. As a legal and proximate result of the negligence of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff has suffered a loss of earnings and is informed and believes, and thereon alleges, that she will continue such a loss for an indefinite period of time in the future. Also, Plaintiff's

5

**COMPLAINT FOR DAMAGES**

earning capacity has been greatly reduced thereby affecting and harming her capacity to earn income through future employment.

**SECOND CAUSE OF ACTION**

**[FOR STRICT PRODUCTS LIABILITY AS AGAINST DEFENDANTS RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE]**

17.    Plaintiff realleges and incorporates herein by reference as though fully set forth at length, all of the allegations and statements contained in paragraphs 1 through 16.

18.    Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, designed, engineered, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaired, retrofit or failed to retrofit, failed to recall, labeled, advertised, promoted, marketed, supplied, distributed, wholesaled, and sold the SUBJECT PRUNER and its component parts and constituents, which was intended by the Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC.,, and DOES 1 to 25, Inclusive, and each of them, to be used as a means to safely prune the garden, and for other related activities.

19.    Defendants, RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, knew that SUBJECT PRUNER was to be purchased and used without inspection for defects by its users, owners, the Plaintiff and the general public.

20.    The SUBJECT PRUNER was unsafe for its intended use by reason of defects in its manufacture, design, testing, components and constituents, so that it would not safely serve its purpose, but would instead expose the users of said product to serious injuries.

6

**COMPLAINT FOR DAMAGES**

21.     Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, designed the SUBJECT PRUNER and/or its component parts defectively, causing it to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

22.     The risks inherent in the design of the SUBJECT PRUNER and/or its component parts outweigh significantly any benefits of such design.

23.     Plaintiff was not aware of the aforementioned defects at any time prior to the time of the subject incident on or about August 4, 2023.

24.     As a legal and proximate result of the aforementioned defects of the SUBJECT PRUNER and/or its component parts, Plaintiff IRENE COMPUESTO while using the SUBJECT PRUNER and/or its component parts in a reasonably foreseeable manner was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock injury to her nervous system and person as described more fully above, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in permanent disability to Plaintiff, all to her general damage in an amount which will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

25.     As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff IRENE COMPUESTO was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in

7

**COMPLAINT FOR DAMAGES**

the future, the exact amount of said expenses will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

26.     As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff IRENE COMPUESTO was prevented from attending her usual occupation, and thereby sustained a loss of earnings claim. As a legal and proximate result of the negligence of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC.. and DOES 1 to 25, Inclusive, and each of them, Plaintiff has suffered a loss of earnings and is informed and believes, and thereon alleges, that she will continue such a loss for an indefinite period of time in the future. Also, Plaintiff's earning capacity has been greatly reduced thereby affecting and harming her capacity to earn income through future employment.

### THIRD CAUSE OF ACTION

### [FOR NEGLIGENT PRODUCTS LIABILITY AS AGAINST DEFENDANTS RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE]

27.     Plaintiff realleges and incorporates herein by reference as though fully set forth at length, all the allegations and statements contained in the preceding paragraphs of this Complaint.

28.     Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, knew that the SUBJECT PRUNER and/or its component parts, would be used without inspection for defects in the design of the SUBJECT PRUNER and/or its component parts.

8

**COMPLAINT FOR DAMAGES**

29. The SUBJECT PRUNER and/or its component parts was defective when it left the control of RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them.

30. At the time of the SUBJECT PRUNER's design, manufacture, and sale, and continuing up to the time of Plaintiff's injury, Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, knew or should have known of the substantial dangers involved in the reasonably foreseeable use of the SUBJECT PRUNER and/or its component parts, whose defective design, manufacturing, and lack of sufficient warnings caused Plaintiff to have an unreasonably dangerous propensity to suffer serious injuries.

31. Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, knew that these substantial dangers are not readily recognizable to an ordinary consumer and that these would be used without inspection.

32. At all relevant times, Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, failed to provide adequate warnings, instructions, guidelines or admonitions to members of the consuming public, including Plaintiff IRENE COMPUESTO, of the defects, which Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC.,, and DOES 1 to 25, Inclusive, knew, or in the exercise of reasonable care should have known, to have existed in the SUBJECT PRUNER and/or its component parts.

33. At the time of Plaintiff's injuries, the SUBJECT PRUNER and/or its component parts was being used in the manner intended by Defendants, RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, and in a

9

**COMPLAINT FOR DAMAGES**

manner that was reasonably foreseeable by Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, as involving substantial danger that was not readily apparent to its users.

34. Plaintiff's damages were the legal and proximate result of Defendants' RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, for their failure to provide adequate warnings. Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, owed Plaintiff IRENE COMPUESTO a duty in designing, manufacturing, warning about, and distributing the SUBJECT PRUNER and/or its component parts.

35. As a legal and proximate result of the aforementioned defects of the SUBJECT PRUNER and/or its component parts, Plaintiff IRENE COMPUESTO while using the SUBJECT PRUNER and/or its component parts in a reasonably foreseeable manner was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock injury to her nervous system and person as described more fully above, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in permanent disability to Plaintiff, all to her general damage in an amount which will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

36. As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff IRENE COMPUESTO was compelled to, and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by

**COMPLAINT FOR DAMAGES**

reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of said expenses will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

37.     As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff IRENE COMPUESTO was prevented from attending her usual occupation, and thereby sustained a loss of earnings claim. As a legal and proximate result of the negligence of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff has suffered a loss of earnings and is informed and believes, and thereon alleges, that she will continue such a loss for an indefinite period of time in the future. Also, Plaintiff's earning capacity has been greatly reduced thereby affecting and harming her capacity to earn income through future employment.

## FOURTH CAUSE OF ACTION

**[FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AS AGAINST DEFENDANTS RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE]**

38.     Plaintiff realleges and incorporates herein by reference as though fully set forth at length, all the allegations and statements contained in the preceding paragraphs of this Complaint.

39.     Prior to the time of the subject incident, the Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, impliedly warranted that the SUBJECT PRUNER and/or its component parts was of merchantable quality.

**COMPLAINT FOR DAMAGES**

40. Members of the consuming public, including consumers such as Plaintiff IRENE COMPUESTO were the intended third-party beneficiaries of the implied warranty of merchantability.

41. Plaintiff IRENE COMPUESTO relied on the skill and judgment of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, in the use of the SUBJECT PRUNER and/or its component parts as a safe and reliable means for pruning the garden, and for other related activities.

42. The SUBJECT PRUNER and/or its component parts were not of merchantable quality as warranted by Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, in that it was defectively designed, thereby dangerously exposing the users of the SUBJECT PRUNER and/or its component parts and those around it to serious injury.

43. After Plaintiff IRENE COMPUESTO received the injuries complained of herein, notice was given by Plaintiff to Defendants, RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, by filing this lawsuit in the time and in the manner and in the form prescribed by law, of the breach of said implied warranty.

44. As a legal and proximate result of the breach of said implied warranty, Plaintiff was injured and hurt in her health, strength and activity, sustaining injuries to her body, and shock injury to her nervous system and person as described more fully above, all of which said injuries have caused and continue to cause the Plaintiff great physical, mental and nervous pain and suffering. Plaintiff is informed and believes and thereupon alleges that said injuries will result in permanent disability to Plaintiff, all to her general damage in an amount which will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

**COMPLAINT FOR DAMAGES**

45.    As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, Plaintiff IRENE COMPUESTO was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes and thereupon alleges that by reason of her injuries, she will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of said expenses will be stated according to proof, pursuant to *California Code of Civil Procedure* Section 425.10.

46.    As a direct and proximate result of the conduct of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., AND DOES 1 TO 25, INCLUSIVE, and each of them, Plaintiff IRENE COMPUESTO was prevented from attending her usual occupation, and thereby sustained a loss of earnings claim. As a legal and proximate result of the negligence of Defendants RYOBI LIMITED, TTI CONSUMER POWER TOOLS, INC., HOME DEPOT U.S.A., INC., and DOES 1 to 25, Inclusive, and each of them, Plaintiff has suffered a loss of earnings and is informed and believes, and thereon alleges, that she will continue such a loss for an indefinite period of time in the future. Also, Plaintiff's earning capacity has been greatly reduced thereby affecting and harming her capacity to earn income through future employment.

## REQUEST FOR JURY TRIAL

47.    Plaintiff hereby requests a trial by jury on all claims for relief in, and on all issues raised by this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this court;

13

**COMPLAINT FOR DAMAGES**

2. For hospital, medical, professional, and incidental expenses according to proof;

3. For prejudgment interest, according to proof;

4. For damages for Plaintiff's other economic damages, according to proof;

5. For costs of suit incurred herein; and

6. For such other and further relief the Court may deem just and proper.

DATED: August 2, 2025

LAW OFFICES OF ESLAMBOLY HAKIM

By: _____

Sharona Eslamboly Hakim, Esq.
Attorneys for Plaintiff
IRENE COMPUESTO

14

**COMPLAINT FOR DAMAGES**



CASE NO. S-CV-0055891

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: 12/1/25

TIME:
- ☐ 1:00 P.M.
- ☑ 2:00 P.M.
- ☐ 3:00 P.M.

DEPT:
- ☑ 40- 10820 Justice Center Drive, Roseville, California 95678
- ☐ 14- 2501 North Lake Blvd., Tahoe City, California 96145
- ☐ 1- 101 Maple St. Auburn, California 95603

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:

The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you may automatically lose this case, usually before this court date. The Answer or responsive pleading must be filed with the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees or the Plaintiff may seek a default judgment.

The Self-Help Center may provide you with procedural information. To schedule an appointment with the Self-Help Center or for more information, go to the court's website at www.placer.courts.ca.gov and select "Self-Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:

15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," and scroll down to "Civil Case Management Conference Notes." If you do not have internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter** at Case Management Conferences or Law & Motion hearings. If you want the proceedings reported, you must provide your own court reporter at your own expense. See Local Rule of Court 10.15 for more information.

> If you want to appear remotely, you must schedule your remote appearance through the court's website, www.placer.courts.ca.gov. For more information on the remote appearance system, please visit "Remote Civil Hearings" on the website and see Local Rule of Court 10.24. You must pay online to use this service unless you have been granted a fee waiver.